**Juanita L. HUTCHISON, Petitioner,**

v.

**MERIT SYSTEMS PROTECTION BOARD, Respondent.**

No. 95–3785.

United States Court of Appeals, Federal Circuit.

Aug. 7, 1996.

Andrew B. Cervik, Glendale, California, argued for petitioner.

Eric D. Flores, Attorney, Office of the General Counsel, Merit Systems Protection

Board, Washington, DC, argued for respondent. With him on the brief were Mary L. Jennings, General Counsel, and Martha B. Schneider, Assistant General Counsel.

Before CLEVENGER, Circuit Judge, COWEN, Senior Circuit Judge, and SCHALL, Circuit Judge.

SCHALL, Circuit Judge.

Juanita L. Hutchison ("Juanita") petitions for review of the final decision of the Merit Systems Protection Board ("Board"), Docket No. SF–0831–94–0707–I–1, 68 M.S.P.R. 373, dismissing as untimely her appeal of the reconsideration decision of the Office of Personnel Management ("OPM") which denied her claim for a survivor annuity.[1] We vacate and remand.

## BACKGROUND

Gene M. Hutchison ("Gene") retired from federal employment in January of 1986; he died in December of 1987. In 1989, Juanita, asserting that she was Gene's surviving spouse, applied to OPM for a survivor annuity. OPM discovered, however, that Gene's survivor annuity was already being paid to Viola Hutchison ("Viola"), who also claimed to be Gene's surviving spouse. OPM conducted an inquiry and, in its initial decision, awarded Gene's survivor annuity to Juanita. Viola requested that OPM reconsider its award. In a reconsideration decision issued September 11, 1992 ("the reconsideration decision"), OPM reversed its previous award and awarded Gene's survivor annuity to Viola. The reconsideration decision informed Juanita that she had twenty-five days in which to file an appeal of the decision.

On July 27, 1994, Juanita's attorney sent a letter to the Board's San Francisco Regional Office. After informing the Board that he had been retained by Juanita "to determine the status of her appeal" of the reconsideration decision, counsel stated: "Ms. Hutchison filed an appeal with your office dated September 19, 1992 and has received no ac-

knowledgment of receipt or request for further information." By letter dated August 2, 1994, the Board responded that it had no record of an appeal under Juanita's name having been filed. The Board instructed counsel to "refile" the appeal within fifteen days.

On August 15, 1994, Juanita, through counsel, "refiled" an appeal of the reconsideration decision. Counsel enclosed with the "refiled" appeal a photocopy of what he stated was "the cover sheet of the original appeal." The photocopy showed Juanita's signature and the date September 19, 1992. Counsel also enclosed a declaration in which Juanita stated that she had "filed an appeal of an Office of Personnel Management reconsideration decision with the U.S. Merit Systems Protection Board by U.S. mail on September 19, 1992."

On August 19, 1994, the AJ issued an Acknowledgment Order informing Juanita that she was entitled to a hearing on the merits if she requested one. The AJ also stated in her order: "If there is a question as to whether your appeal is timely filed . . . , this Order gives you the opportunity to submit evidence to establish timeliness. . . . If you further establish that there is a dispute as to facts which will affect my decision on the issue of timeliness . . . , you are also entitled to a hearing if you have requested one."

On August 25, 1994, Juanita's attorney wrote the AJ that "claimant requests a hearing as offered in the Acknowledgment Order dated August 19, 1994." A week later, on September 1, counsel submitted Juanita's response to the Acknowledgment Order. In it, he referred to Juanita's August 15 declaration and the appeal-form photocopy, and he argued that the Board should accept the appeal as timely filed. Counsel further stated that Juanita was "not aware of any dispute of fact concerning the issue of timeliness and/or jurisdiction, pending discovery at this time."

1. December 13, 1994 initial decision of the administrative judge ("AJ") became the final decision of the Board on August 3, 1995, when the two Board members considering Juanita's peti-

tion for review issued an order announcing that they could not agree upon the disposition of the matter.

On September 12, 1994, Juanita served OPM with a discovery request seeking, among other things, documents evidencing OPM's "policies and procedures for storage and/or destruction of documents relating to a claim for survivor benefits due to lapse of time, statute of limitations or other policy or laws which requires the destruction of files." She also requested "[a]ny and all documents evidencing the noted loss or loss of part [of] a file relating [to] the claim of Juanita Hutchison."

The AJ did not hold a hearing on the timeliness issue. Instead, on December 13, 1994, she issued an initial decision dismissing Juanita's appeal as untimely filed. Juanita petitioned the Board to review the AJ's initial decision. The two Board members who reviewed her petition, however, could not agree on its disposition and consequently, pursuant to 5 C.F.R. § 1200.3(b) (1995), ordered that the initial decision become the final decision of the Board.[2] This appeal followed.

## DISCUSSION

■ On appeal, Juanita argues that the AJ committed reversible error when she dismissed her appeal without holding a hearing on the timeliness issue. We must affirm the decision of the Board not to hold such a hearing unless the decision is (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without following the procedures required by law; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1994). When, as here, there is no statute or regulation requiring the Board to hold a hearing on the issue in question, whether to hold such a hearing is a matter within the discretion of the Board. *Womack v. Merit Sys. Protection Bd.,* 798 F.2d 453, 455 (Fed.Cir.1986).

As seen above, the AJ's Acknowledgment Order stated that if Juanita established that "there is a dispute as to facts which will

affect my decision on the issue of timeliness ..., you are also *entitled to a hearing* if you have requested one." (emphasis added). As also seen above, Juanita requested a hearing "as offered in the Acknowledgment Order." Juanita asserts that she established a dispute as to a fact—whether she mailed her appeal to the Board on September 19, 1992—which affected the AJ's decision on the timeliness issue and that she thus was entitled to a hearing under the Acknowledgment Order. We agree.

In her opinion, the AJ stated: "I find that the appellant has not provided specific, credible evidence that her appeal was actually placed in the mail stream *and therefore find* that the appeal was not timely filed." (emphasis added). Clearly, whether or not Juanita mailed her appeal affected the AJ's decision on the timeliness issue.

■ Whether there is a genuine dispute as to a fact is a question of law which we review *de novo. See M & J Coal Co. v. United States,* 47 F.3d 1148, 1152 (Fed.Cir.) (when reviewing a trial court's grant of summary judgment, the record is reviewed *de novo* to determine whether any genuine issue of material fact exists), *cert. denied,* —— U.S. ——, 116 S.Ct. 53, 133 L.Ed.2d 18 (1995). Juanita, pointing to evidence that she submitted to the AJ in response to the Acknowledgment Order, asserts that she established a dispute as to whether she mailed her appeal to the Board on September 19, 1992. She points to her August 15 declaration, in which she stated that she "filed an appeal of [OPM's reconsideration decision] with the U.S. Merit Systems Protection Board by U.S. Mail on September 19, 1992." She also points to the photocopy of the front page of the Board appeal form which shows her signature and which is dated September 19, 1992.

The Board argues that the AJ "accepted as proved" all of the matters asserted in Juanita's declaration. Thus, the Board asserts,

2. Two Board members entertained Juanita's petition for review. The Board Chairman found that Juanita "was misled by the acknowledgment order into believing she was entitled to a hearing," and stated that he would remand Juanita's case for adjudication on the merits. The other Board Member found that Juanita "did not establish a dispute as to facts," which the AJ's acknowledgment order made a prerequisite to a hearing, and stated that he would find no error in the AJ's initial decision.

Juanita was not entitled to a hearing under the Acknowledgment Order because there were no facts in dispute. The agency's premise is faulty, however. Juanita's affidavit explicitly states that she mailed her appeal to the Board, while the Board found that her appeal was not "actually placed in the mail stream." Plainly, the Board did not accept as proved all matters asserted in Juanita's affidavit.

The Board also argues that there are no facts in dispute because OPM did not submit any evidence to refute Juanita's assertions with respect to the mailing of her appeal. The Board notes that its cases hold that if a pleading is properly addressed with postage prepaid and placed in the Postal Service mail stream, it will be treated as filed on the date it was placed in the mail, regardless of whether the Board receives it. *See Gaydon v. United States Postal Serv.,* 62 M.S.P.R. 198, 202 (1994). The Board argues that Juanita failed to offer evidence that her appeal was properly addressed or that she sent her appeal postage prepaid. Thus, the Board asserts, no facts were in dispute; Juanita simply failed to submit evidence to prove all of the facts material to the timeliness issue.

We reject the Board's argument. A genuine factual dispute can arise even when only one party offers evidence on the issue in question. For example, a genuine factual dispute can arise when a reasonable fact finder evaluating the evidence could draw more than one factual inference from the evidence. *See Jeffery v. Sarasota White Sox, Inc.,* 64 F.3d 590, 594 (11th Cir.1995). Juanita's statement that she mailed her appeal to the Board, submitted along with a photocopy of a dated and signed Board appeal form, would allow a reasonable fact-finder to infer that the appeal was properly addressed and had the correct postage on the letter. The Board's argument that no evidence supports a finding that Juanita mailed the appeal to the correct address with the correct postage challenges this reasonable inference. Therefore, there was a genuine factual dispute as to whether the appeal was properly addressed and had the correct postage.

Lastly, the Board points to the statement in Juanita's September 1 response to the Acknowledgment Order that she was "not aware of any dispute of fact concerning the issue of timeliness ..., pending discovery at this time." The Board contends that the statement suggested that no hearing on the timeliness issue was necessary, and that, consequently, the AJ did not abuse her discretion by not holding a hearing.

The problem with this argument is that it gives the statement an interpretation that is reasonable only if the statement is read out of context. First, on August 25, counsel had written the AJ that Juanita wanted a hearing. Second, the statement comes at the end of a five-page pleading in which it is argued that Juanita's appeal was timely filed and in which certain facts are alleged in support of that argument. Under these circumstances, we do not believe that the statement should be read as a withdrawal of the request for a hearing.

The AJ's order stated that Juanita was "entitled" to a requested hearing if she established that there was a dispute as to facts which would affect the AJ's decision on the timeliness issue. As explained above, Juanita established, as a matter of law, that there was such a dispute. When the AJ dismissed Juanita's appeal without a hearing, the AJ deviated from the requirements and procedure set out in her order. Accordingly, the AJ abused her discretion in failing to hold a hearing on the timeliness issue.

## CONCLUSION

For the foregoing reasons, we vacate the decision of the Board dismissing Juanita's petition as untimely, and remand the case to the Board with the instruction that an evidentiary hearing be held on the timeliness issue.

## COSTS

Costs to petitioner.

*VACATED AND REMANDED WITH INSTRUCTIONS.*