# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

ROBERT G. HULST,
        Appellant,

v.

DEPARTMENT OF THE AIR FORCE,
        Agency.

DOCKET NUMBER
SF-0752-17-0215-I-1

DATE: January 24, 2023

# THIS ORDER IS NONPRECEDENTIAL[1]

John Rodriguez, San Diego, California, for the appellant.

Justin Strong, Los Angeles Air Force Base, California, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

## REMAND ORDER

¶1        The appellant has filed a petition for review of the initial decision, which dismissed his appeal as untimely filed. For the reasons discussed below, we GRANT the appellant's petition for review and REMAND the case to the Western Regional Office for further adjudication in accordance with this Remand Order.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

**BACKGROUND**

¶2     The appellant has been a GS-9 Machinist with the Department of the Air Force since 2016. Initial Appeal File (IAF), Tab 1 at 7. On June 22, 2016, the appellant received a notice of proposed removal for falsifying questionnaire responses during the hiring process, which was later amended on August 17, 2016. *Id.* at 7, 9. On October 17, 2016, the appellant received notice of the agency's decision to remove him from the position, with an effective date of October 18, 2016. *Id.* at 11. This notice included the appellant's appeal rights and deadline for filing such an appeal to the Board. *Id.* The appellant's representative filed an appeal with the Board on January 19, 2017. *Id.* at 18.

¶3     The administrative judge advised the appellant that appeals not filed within the time period required by the Board's regulations may be dismissed as untimely without addressing the underlying merits of the case. IAF, Tab 2 at 2. The administrative judge indicated that the filing period began on October 18, 2016, but that the appeal was filed by regular mail on January 19, 2017, well after the 30-day filing deadline. *Id.* The administrative judge ordered the appellant to file evidence and/or argument that the appeal was filed on time or that good cause exists for the delay in filing. *Id.* at 3.

¶4     The appellant responded and indicated that his union representative sent the appeal to the Board via certified mail on November 8 or 9, 2016, but that the receipt had been misplaced. IAF, Tab 4 at 1. He further asserted that, upon calling the Board and discovering it had not received the appeal, the union representative re-filed the appeal on January 19, 2017. *Id.* The appellant also provided certified mail receipts dated November 8, 2016, to demonstrate that copies of the appeal were mailed to the agency, as it requested, and to the appellant. *Id.* at 3. The agency filed a motion and urged that the appeal be dismissed as untimely. IAF, Tab 11.

¶5     Without holding a hearing, the administrative judge dismissed the appeal as untimely filed without good cause shown for the delay. IAF, Tab 12, Initial

Decision (ID). Specifically, the administrative judge found that the appellant's representative failed to mail the appeal to the Board in November 2016, and that the appellant, through his representative, demonstrated a lack of due diligence by not obtaining a postal receipt and by allowing 2 months to pass after the filing deadline before contacting the Board to question receipt of the appeal. ID at 5-7. The appellant filed a petition for review and the agency filed a response in opposition to the appellant's petition. Petition for Review (PFR) File, Tabs 1, 3.[2] In his petition for review, the appellant reasserts his argument that his union representative mailed his appeal on November 8 or 9 of 2016. PFR File, Tab 1 at 2-3. He further states that he was being proactive by following up with the Board in January of 2017 when he was told it had not received his appeal. *Id.* at 2.

### DISCUSSION OF ARGUMENTS ON REVIEW

¶6          An appeal must be filed with the Board within 30 days of the effective date of an appealable agency action, or 30 days after the individual receives notice of the agency's decision, whichever is later. 5 C.F.R. § 1201.22(b). The Board will dismiss an appeal that is filed untimely unless the appellant shows good cause for the delay. 5 C.F.R. § 1201.22(c). The agency's October 17, 2016 decision letter informed the appellant that he had 30 days after the October 18, 2016 effective date of the removal or 30 days after the date he received the agency's decision letter, whichever was later, to file his appeal. IAF, Tab 1 at 11. The appellant received the decision letter on October 17, 2016. *Id.* at 2. Consequently, the deadline for filing this appeal was November 17, 2016. *See* 5 C.F.R. § 1201.22(b).

---

[2] Although the appellant's petition for review appeared to lack a signature, as required by 5 C.F.R. § 1201.114(c), the Office of the Clerk of the Board did not reject the petition, and we therefore take no further action regarding this issue. PFR, Tab 1.

¶7   If the appellant's January 19, 2017 appeal was the only appeal, it was untimely filed by 63 days.  IAF, Tab 1 at 18.  However, the appellant alleged, in both his responses to the administrative judge and his petition for review, that his union representative filed his appeal on November 8 or 9, 2016.  IAF, Tab 1; PFR File, Tab 1.  In support of that claim, the appellant provided a signed statement from his union representative that the appeal was timely filed on November 8 or 9, 2016 and was sent by certified mail to the Board's Western Regional Office's address at 201 Mission Street, Suite 2310, San Francisco, CA, 94105-1831.[3]  IAF, Tab 1 at 15-16.  The appellant also provided certified mail receipts dated November 8, 2016, allegedly documenting that copies of the appeal were also mailed to the agency, as it requested, and the appellant.  IAF, Tab 1 at 17.  In response to the administrative judge's order regarding timeliness, the appellant also submitted his own unsworn statement reiterating when and how the appeal was filed in November 2016 and provided the same certified mail receipts.  IAF, Tab 4.  The agency has not rebutted the appellant's argument that his representative sent a copy of the initial appeal to the agency nor shown that it would be prejudiced if the appeal were granted.  IAF, Tab 11; PFR File, Tab 3.

¶8   When an appellant presents facially credible evidence sufficient to establish a dispute as to material facts regarding the timely filing of his appeal or good cause excusing his late filing, the administrative judge must hold a hearing to resolve the factual dispute.  *Stout v. Merit Systems Protection Board*, 389 F.3d 1233, 1241 (Fed. Cir. 2004); *Nelson v. U.S. Postal Service*, 88 M.S.P.R. 331, ¶ 5 (2001).  The Board has held that evidence that a pleading was sealed, properly addressed to the Board with postage prepaid, and placed in the U.S. Postal Service mail stream gives rise to a presumption that it was filed on the date it was placed in the U.S. Postal Service mail stream, regardless of whether the Board receives it.  *Gaydon v. U.S. Postal Service*, 62 M.S.P.R. 198,

---

[3] This was the correct address for the Board's San Francisco Regional Office at the time.  In the fall of 2017, the regional office moved to Oakland, California.

202, *review dismissed*, 36 F.3d 1113 (Fed. Cir. 1994) (Table). Direct evidence is required to invoke the presumption of delivery and receipt, which may be in the form of a document or testimony. *Foust v. Department of the Treasury*, 80 M.S.P.R. 477, ¶ 5 (1998), *review dismissed*, 194 F.3d 1332 (Fed. Cir. 1999) (Table). The party invoking the presumption must present specific details concerning the mailing, such as the time of day and place of the mailing. *Freeze v. Department of Veterans Affairs*, 65 M.S.P.R. 149, 152 (1994).

¶9   In this case, the question of whether the appellant's representative filed an appeal on November 8 or 9, 2016, is a factual matter in dispute. The appellant asserts, with more than a bare allegation, that he did. The documentary evidence submitted thus far establishes the existence of a genuine factual dispute and supports the appellant's assertion that he timely filed his appeal. *See Hutchison v. Merit Systems Protection Board*, 91 F.3d 1458, 1460-61 (Fed. Cir. 1996); *see also Scott v. Department of Justice*, 69 M.S.P.R. 211, 228 (1995) (holding that while an unsworn statement by an appellant is admissible evidence, the fact that it is unsworn may detract from its probative value), *aff'd*, 99 F.3d 1160 (Fed. Cir. 1996) (Table); *Hendricks v. Department of the Navy*, 69 M.S.P.R. 163, 168 (1995) (finding that while statements of a party's representative in a pleading do not constitute evidence, unchallenged assertions of the party's representations may constitute nonfrivolous allegations raising factual questions).

¶10   Here, the appellant raised a factual issue and requested a hearing. IAF Tab 1 at 1. Thus, we find it necessary to remand this matter to the regional office with the instruction that an evidentiary hearing be held on the timeliness issue. On remand, the appellant may present evidence and argument to show that the November 8, 2016 receipt he provided reflects a mistaken filing of the petition for appeal with the agency, and if it does, he must present evidence and argument to show that he filed the petition with the Board as soon as he learned of the mistake. *See Sanford v. Department of Defense*, 61 M.S.P.R. 207, 210 (1994). The appellant also may present evidence and argument to support his assertion

that he filed his petition for appeal with both the agency and the Board on November 8 or 9, 2016. If the administrative judge finds that the appellant timely filed his appeal, or that good cause exists to waive the filing time limit, the case should proceed on its merits. If, however, the administrative judge finds, after reviewing the evidentiary and testimonial evidence, that the appellant failed to timely file his appeal or failed to demonstrate that good cause exists to waive the filing deadline, then the administrative judge may dismiss the appeal as untimely filed.

**ORDER**

¶11      For the reasons discussed above, we remand this case to the Western Regional Office for further adjudication in accordance with this Remand Order.

FOR THE BOARD:                                    /s/ for

                                         Jennifer Everling
                                         Acting Clerk of the Board
Washington, D.C.