John WOMACK, Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD, Respondent.

Appeal No. 85–1292.

United States Court of Appeals, Federal Circuit.

May 13, 1986.

Dick Flume, Flume & Flume, San Antonio, Tex., submitted for petitioner.

Richard K. Willard, Acting Asst. Atty. Gen., David M. Cohen, Director and Stuart James, Dept. of Justice, Washington, D.C., submitted for respondent.

Before FRIEDMAN, SMITH and BISSELL, Circuit Judges.

FRIEDMAN, Circuit Judge.

## I

On August 29, 1981, the Federal Aviation Administration removed the petitioner as an air traffic controller because of his participation in the illegal air traffic controllers strike. On February 9, 1982, the petitioner filed an appeal with the Board. Because the appeal was not filed within 20 days of the removal, as the Board regulations require, 5 C.F.R. § 1201.22 (1982), the Board's regional director invited the petitioner to show good cause for the delay.

In response, the petitioner alleged that his ear had been injured in June of 1981 and that such injury had made him incapable of performing his duties as an air traffic controller; that although he thought his injury was permanent, on January 23, 1982,

he discovered that his hearing had been restored; and that as soon as he discovered that he could hear again, he promptly filed his appeal.

The presiding official ruled that the petitioner had "not given a reasonable excuse for his failure to file his appeal within the 20 day time limit" and therefore had "not shown good cause for waiving the time limit ...," and he dismissed the appeal as untimely. The presiding official pointed out that the petitioner

was not removed for inability to perform his position for medical disability. Rather, [the petitioner] was removed from the service for engaging in the criminal conduct of striking against the federal government. Assuming that [the petitioner] did believe that he was medically disabled from performing his position, the exercise of ordinary prudence by him would dictate an appeal of the assertions made in the decision to remove him. Even if [the petitioner] believed that he ultimately would be retired due to his disability or would resign from employment, a reasonably prudent person in such circumstances would seek to correct his employment record to reflect his claim that he had not engaged in an illegal activity but instead had been forced to abstain from work due to a medical condition. In addition, since [the petitioner] maintained that he was unable to perform the position he held, a timely appeal could have enabled him to diligently explore the possibilities of working in other positions in the agency.

## II

Notwithstanding the request of counsel for oral argument in the present appeal, we have determined on the basis of the request and the briefs that oral argument will not be necessary because the facts and legal argument are adequately presented in the briefs and record, and the decisional process would not be aided by oral argument. Fed.R.App.P. 34(a).

A. The petitioner contends that the Board improperly denied him a hearing on the question whether the time limit for filing his appeal should be waived, and that that denial violated 5 C.F.R. § 1201.11 (1982) and denied him due process.

■ 1. Section 1201.11 does not address the question at all. It is a general statement about the application of the Board's rules to appellate proceedings which, in pertinent part, states:

The rules in this subpart apply to appellate proceedings of the Board.... It is the policy of the Board that these rules shall be applied in a manner which expedites the processing of each case, but with due regard to the rights of all parties.

The only Board regulation that provides for a hearing is 5 C.F.R. § 1201.24 (1982), which states that "[u]nder 5 U.S.C. 7701, an appellant has the right to a hearing." Section 7701(a)(1) gives an appellant the right to a Board hearing on the merits of his appeal. Although the petitioner sought such a hearing, the Board found it unnecessary to give him one because it concluded that it lacked jurisdiction over, and therefore dismissed, the appeal because it was untimely.

There is no regulation that requires the Board to hold a hearing before determining whether an appellant has shown good cause for waiving the time limits for appeal. The regulation under which the time limit for filing appeals is waived merely states: "A presiding official may waive a Board regulation in an individual case for good cause shown if application of the regulation is not required by statute." 5 C.F.R. § 1201.12 (1982). The decision whether to hold a hearing on a request for waiver is a matter within the discretion of the Board in the exercise of its broad authority to prescribe and apply its own procedures.

■ The petitioner does not contend that there were disputed issues of fact that required a hearing for resolution, and we know of none. The presiding official accepted the factual basis upon which the petitioner sought to justify his delay in

appealing, but found them insufficient to excuse the delay. That determination was a legal one, and the petitioner offers no reason why a hearing was necessary for the presiding official properly to decide that issue.

█ 2. The petitioner's argument that the Board's failure to hold a hearing on the waiver issue denied him due process fares no better. Assuming *arguendo* that the petitioner had a protectible property interest in obtaining a waiver of the time limit for appeal—a highly dubious assumption—all the petitioner was entitled to was notice and an opportunity to respond. *Cleveland Board of Education v. Loudermill,* 470 S.Ct. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985). The petitioner received both. He was informed that his appeal appeared untimely and that he could submit any justification for the delay, and he did so.

B. The two other grounds upon which the petitioner challenges the Board's dismissal of his untimely appeal need not detain us long.

█ 1. The Board has broad discretion to decide whether to waive the time for appeal. *See Phillips v. United States Postal Service,* 695 F.2d 1389, 1390 (Fed. Cir.1982). Although the petitioner argues that the Board erred in holding that he had not shown good cause for a waiver, we cannot say that the Board abused its discretion in reaching the contrary conclusion. As the presiding official pointed out, even if the petitioner reasonably believed that he was permanently disabled when he received notice of removal, "a reasonably prudent person in such circumstances would seek to correct his employment record to reflect his claim that he had not engaged in an illegal activity but instead had been forced to abstain from work due to a medical condition."

█ 2. The petitioner also argues that the agency has not shown that it will be prejudiced by allowing his untimely appeal. The appellant, however, has the burden of initially showing that there was good cause for the delay, and the agency is required to submit evidence that the untimely appeal would prejudice it only if the appellant makes that showing. 5 C.F.R. § 1201.56(a)(2) (1982); *see Ceja v. United States,* 710 F.2d 812, 814 (Fed.Cir.1983); *see also Yuni v. Merit Systems Protection Board,* 784 F.2d 381, 384 (Fed.Cir.1986); *Young v. Department of Commerce, Census Bureau,* 737 F.2d 1029, 1031 (Fed.Cir. 1984). Since the petitioner did not show good cause for filing an untimely appeal, the argument that the agency would not be prejudiced by a waiver is irrelevant.

The order of the Board dismissing the appeal as untimely is affirmed.

AFFIRMED.