895 F.2d 1421
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Audrey E. HAPGOOD, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 89-3336.
 United States Court of Appeals, Federal Circuit.
 Jan. 17, 1990.
 
 Before RICH and NIES, Circuit Judges, and BRIAN BARNETT DUFF, District Judge*.
 PER CURIAM.
 
 DECISION
 
 1
 Audrey E. Hapgood appeals the May 24, 1989 decision of the Merit Systems Protection Board (Board), docket number AT08318710566, denying her petition for review of the Administrative Judge's (AJ's) initial decision. The Board dismissed Hapgood's appeal as being untimely filed. We affirm.
 
 OPINION
 
 2
 Hapgood presents three arguments on this appeal. First, she contends that her November 16, 1986 letter to the Office of Personnel Management (OPM) tolled the filing deadline and constituted timely filing. We disagree. The regulations are specific: petitions for appeal must be filed in the appropriate Board regional office. 5 CFR 1201.22(a). The fact that other tribunals may operate differently is irrelevant. Likewise, the fact that Hapgood was unaware of Board procedure and may not have been sent the instructions on how to file an appeal does not change the fact that the attempted "petition for appeal" was not correctly filed. At best, such evidence is relevant in determining whether good cause existed for waiving the filing deadline. See e.g., Malone v. Department of Air Force, 41 MSPB 594 (1989).
 
 
 3
 Second, Hapgood contends that OPM waived the timeliness issue when it failed to raise the issue in its response. As stated in 5 CFR 1201.22(c)(1), it is the appellant's responsibility, when an appeal is filed out of time, to present evidence and argument with the petition for appeal showing why the time limit should be waived. Since Hapgood failed to do this, 5 CFR 1201.22(c)(2) indicates that the AJ can raise the issue and require Hapgood to show cause why the appeal should not be dismissed. There is no requirement in Sec. 1201.22(c)(2) that OPM raise the timeliness issue before the AJ can consider it. Therefore, the AJ did not err in raising the timeliness issue sua sponte.
 
 
 4
 Third, Hapgood contends that the AJ erred in concluding that she had failed to show good cause to waive the time limit. The decision to waive the time limit is within the discretion of the Board. Womack v. Merit Systems Protection Board, 798 F.2d 453, 456 (Fed.Cir1986); Phillips v. United States Postal Service, 695 F.2d 1389, 1390 (Fed.Cir.1982). The AJ correctly took into account the various factors cited in Alonzo v. Department of Air Force, 4 MSPB 180 (1980), and we are not convinced that the AJ's decision constituted an abuse of discretion.
 
 
 
 *
 District Judge Brian Barnett Duff, of the Northern District of Illinois, sitting by designation