956 F.2d 1173
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Michael F. GRZELAK, Petitioner,
v.
UNITED STATES POSTAL SERVICE, Respondent.
 No. 92-3009.
 United States Court of Appeals, Federal Circuit.
 Feb. 12, 1992.
 
 Before RICH, Circuit Judge, EDWARD S. SMITH, Senior Circuit Judge, and RADER, Circuit Judge.
 DECISION
 RADER, Circuit Judge.
 
 
 1
 Michael F. Grzelak appeals the September 24, 1991 decision of the Merit Systems Protection Board (MSPB or Board), Docket No. SF07529110551. The Board dismissed Mr. Grzelak's appeal as untimely filed under 5 C.F.R. § 1201.22(b) (1991). This court affirms.
 
 OPINION
 
 2
 The Postal Service removed Mr. Grzelak on November 9, 1979. In February 1980, after a grievance procedure, the Postal Service reinstated Mr. Grzelak without back pay. On April 1, 1991, Mr. Grzelak appealed to the MSPB to review his removal and to seek back pay. The MSPB dismissed Mr. Grzelak's appeal because it was filed more than 11 years after the effective removal date of November 9, 1979. Mr. Grzelak now appeals the Board's dismissal, alleging that he has shown good cause to justify a waiver of the § 1201.22(b) filing time limit.
 
 
 3
 Appeals to the MSPB must be filed within twenty days of the effective date of the contested agency action. 5 C.F.R. § 1201.22(b). In the absence of good cause for an untimely appeal, the Board must dismiss the late filing. 5 C.F.R. § 1201.22(c). Mr. Grzelak alleges that his union representative and the post-master incorrectly told him that he could not file an appeal to the MSPB at the same time that the union filed a grievance on his behalf. Mr. Grzelak now states that he recently learned that he was entitled to simultaneously pursue both avenues of relief. Mr. Grzelak argues that the postmaster's and union's representatives alleged misrepresentations justify a waiver of the twenty-day filing requirement.
 
 
 4
 The Board has broad discretion to decide whether to waive the time for appeal. Womack v. Merit Systems Protection Board, 798 F.2d 453, 456 (Fed.Cir.1986). In this case, the Board found no credible evidence that Mr. Grzelak was misled nor any excuse for an eleven year delay in appealing. This court discerns no abuse of discretion in, or lack of substantial evidence for, the Board's dismissal. 5 U.S.C. § 7703(c) (1988). Affirmed.