972 F.2d 1354
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Felix S. GAITAN, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 92-3176.
 United States Court of Appeals, Federal Circuit.
 June 10, 1992.
 
 Before LOURIE and RADER, Circuit Judges, and MILLS, District Judge.*
 DECISION
 PER CURIAM.
 
 
 1
 Felix S. Gaitan petitions for review of a Merit Systems Protection Board decision, Docket No. SE08319010558, dismissing as untimely his appeal of the Office of Personnel Management's (OPM) decision on reconsideration denying his application for an annuity. We affirm.
 
 DISCUSSION
 
 2
 On May 16, 1990, OPM denied Gaitan's request for reconsideration of its denial of his application for a deferred retirement annuity. OPM advised Gaitan of the 25-day time period for filing an appeal to the Board and provided him with instructions for filing an appeal. On approximately August 13, 1990, the Board's headquarters in Washington, D.C. received a letter from Gaitan dated May 31, 1990. The envelope in which Gaitan sent the letter bore no stamp or postmark. The letter was addressed to "The Director, Regional Office, Merit System Protection Board, Seatile [sic] Regional Office, Washington, D.C. 18174-1001." The correct address of the Board's Seattle Regional Office is "Seattle, WA 98174." The Board's D.C. office forwarded Gaitan's letter to the Seattle Regional Office in a separate envelope. The envelope forwarding Gaitan's letter bore a postmark of August 13, 1990.
 
 
 3
 The Administrative Judge (AJ) treated Gaitan's letter as a notice of appeal filed on August 13, 1990, more than two months after the 25-day time limit. On September 7, 1990, the AJ notified Gaitan that his appeal was untimely and ordered him to show "good cause" for the late filing within 30 days. 5 C.F.R. § 1201.22(b). On December 11, 1990, the AJ ruled:
 
 
 4
 I advised the appellant that his submission "must be filed within 30 days of the date of this Order" and that the record on the issue of timeliness would close in 60 days. In his responses to my Show Cause Order, the appellant addressed the merits of his case, however, the appellant provided no input concerning the issue of timeliness prior to the close of the record.
 
 Accordingly, the AJ dismissed the appeal.[1]
 
 5
 Gaitan petitioned the Board for review. Although the petition was untimely, the Board waived the time limit and thereafter denied the petition because it did not meet the criteria for review. 5 C.F.R. § 1201.115.
 
 
 6
 Even though Gaitan's nonpostmarked letter was dated within the required time period, this is not sufficient basis for us to conclude that the Board abused its discretion. The Board has broad discretion to decide whether to waive the time for appeal. Womack v. Merit Sys. Protection Bd., 798 F.2d 453, 456 (Fed.Cir.1986). Here, OPM advised Gaitan in writing of the 25-day deadline. Upon untimely filing, Gaitan was given the opportunity to offer an explanation and he responded only on the merits of his appeal. We discern no abuse of discretion in the Board's dismissal of his appeal.
 
 
 
 *
 District Judge Richard Mills of the United States District Court for the Central District of Illinois, sitting by designation
 
 
 [1]
 After the close of the record, the AJ received a letter from Gaitan that stated: "I am requesting to your good Office for reconsideration that I am old ages, and a sickly Personnel in that reason I was let filling for stay longer at the Hospital." This statement was apparently not considered by the AJ because the record had closed. See 5 C.F.R. § 1201.58(c)