976 F.2d 747
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
James CARNEY, Petitioner,
v.
DEPARTMENT OF VETERANS AFFAIRS, Respondent.
 No. 92-3152.
 United States Court of Appeals, Federal Circuit.
 Aug. 12, 1992.
 
 Before NIES, Chief Judge, BENNETT, Senior Circuit Judge, and RADER, Circuit Judge.
 DECISION
 PER CURIAM.
 
 
 1
 James Carney petitions for review of a Merit Systems Protection Board decision, Docket No. NY07528810008, dismissing his petition for review as untimely. We affirm.
 
 DISCUSSION
 
 2
 On May 22, 1986, Carney was removed from his Housekeeping Aide position with the Veterans Administration Medical Center in Buffalo, New York. Approximately 16 months later, on October 1, 1987, Carney appealed his removal to the Merit Systems Protection Board. On November 24, 1987, the Administrative Judge (AJ) dismissed Carney's appeal as untimely. The AJ's decision advised Carney that he had until December 29, 1987 to petition the Board for review of the initial decision. Seventeen months later, on April 22, 1989, Carney petitioned the Board for review. Carney asserted that his untimeliness should be excused because he was involved in settlement negotiations with the Department of Veterans Affairs (VA), he was pursuing the matter through other fora, and the petition concerned a breach of an informal agreement reached after the issuance of the initial decision. On November 19, 1991, the Board dismissed Carney's petition for review. The Board ruled that "the fact that the appellant chose to continue settlement negotiations with the agency and to pursue his appeal rights through other forums rather than filing a petition for review with the Board does not establish good cause for the untimeliness." On December 16, 1991, Carney petitioned this court for review.
 
 
 3
 The Board has broad discretion to decide whether to waive the time for appeal. Womack v. Merit Sys. Protection Bd., 798 F.2d 453, 456 (Fed.Cir.1986). This court will not substitute its own judgment for that of the Board. Phillips v. United States Postal Serv., 695 F.2d 1389, 1390 (Fed.Cir.1982). Here, the AJ advised Carney in writing of the deadline for filing a petition for review by the Board. However, Carney delayed for seventeen months before filing a petition for review.
 
 
 4
 We agree with the Board's determination that Carney "should have been particularly cognizant of the time limit for filing his petition for review because his [October 1, 1987] petition for appeal had been dismissed as untimely filed." Moreover, Carney's choice in pursuing this matter through other means, and in other fora does not justify his failure to preserve his rights by filing a timely petition for review. See Massingale v. Merit Sys. Protection Bd., 736 F.2d 1521, 1522-23 (Fed.Cir.1984). In the Board's view, Carney's explanation did not establish good cause for the lengthy delay in petitioning the Board for review. We discern no error in the Board's dismissal.