980 F.2d 744
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Sidney D. DOUGLAS, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 92-3261.
 United States Court of Appeals, Federal Circuit.
 Oct. 19, 1992.
 
 Before MAYER, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and CLEVENGER, Circuit Judge.
 CLEVENGER, Circuit Judge.
 
 
 1
 Sidney D. Douglas appeals the final decision of the Merit Systems Protection Board (Board), Docket No. AT04329110729, dismissing his appeal to the Board on the grounds that it was untimely filed. We affirm.
 
 
 2
 On May 21, 1991, the Internal Revenue Service removed Mr. Douglas from his position as an internal revenue agent. Mr. Douglas decided to arbitrate his removal appeal, but on June 10, 1991 Mr. Douglas' union representative told him that the union would not arbitrate his claim. Mr. Douglas appealed his removal to the Board the next day. That appeal was filed 21 days after Mr. Douglas' removal. Appeals to the Board, however, must be filed within 20 days of removal. 5 C.F.R. § 1201.22(b) (1992). Since the appeal was filed late, the administrative judge (AJ) ordered Mr. Douglas to show either that his appeal was timely filed or that good cause existed to waive the deadline. On July 16, 1991, the AJ issued an initial decision dismissing the appeal as untimely and explaining that she did not hold a hearing because a factual dispute on timeliness did not exist. On November 14, 1991, the full Board denied Mr. Douglas' petition for review.
 
 
 3
 This court holds "unlawful and set[s] aside any agency action, findings, or conclusions found to be--(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence...." 5 U.S.C. § 7703(c) (1988).
 
 
 4
 Mr. Douglas contends that the AJ erred in failing to provide a hearing before making her timeliness decision. No regulation requires the Board to hold such a hearing. Womack v. Merit Sys. Protection Bd., 798 F.2d 453, 455 (Fed.Cir.1986). Having found that there were no factual issues in dispute, the AJ did not abuse her discretion in refusing to hold a hearing. Id. at 455-56.
 
 
 5
 To show good cause for his untimeliness, Mr. Douglas had the burden of establishing that "the delay was excusable under the circumstances where diligence or ordinary prudence had been exercised." Phillips v. United States Postal Serv., 695 F.2d 1389, 1391 (Fed.Cir.1982); Alonzo v. Department of Air Force, 4 M.S.P.R. 180, 184 (1980). While Mr. Douglas contends that he sent a memorandum addressing the issue of timeliness three days after the deadline established by the AJ, the record contains no evidence of such a memorandum. The AJ applied the standards set forth in Alonzo and dismissed Mr. Douglas' appeal because Mr. Douglas made no effort to explain or justify the untimeliness. Because Mr. Douglas has presented us with no evidence that his memorandum was filed with the AJ before she issued her initial decision, or that the memorandum even exists, we cannot find that the AJ abused her discretion in determining that Mr. Douglas did not provide an explanation or justification for the lateness of his appeal or in deciding to dismiss the appeal.
 
 
 6
 Further, the Board correctly denied Mr. Douglas' petition for review because, under its regulations, it could consider Mr. Douglas' alleged memorandum only if it had been unavailable, despite due diligence, when the record was closed before the AJ. 5 C.F.R. § 1201.115(c)(1) (1992). In this case, the information Mr. Douglas seeks to introduce was available during the course of the initial appeal. We therefore affirm the final decision of the Board.