985 F.2d 585
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Dadelina A. TIONGCO, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 92-3156.
 United States Court of Appeals, Federal Circuit.
 Dec. 30, 1992.
 
 Before NIES, Chief Judge, RICH, Circuit Judge, and RESTANI, Judge.*
 PER CURIAM.
 
 DECISION
 
 1
 Dadelina A. Tiongco petitions for review of the November 18, 1991, Merit Systems Protection Board order, Docket No. SE08319010375, dismissing her corrected petition for review as untimely filed. We affirm.
 
 DISCUSSION
 
 2
 On February 7, 1990, the Office of Personnel Management (OPM) denied Mrs. Tiongco's application for a civil service annuity based upon the service of her deceased husband. On March 30, 1990, OPM denied her application for reconsideration. Mrs. Tiongco appealed to the Board and, on August 1, 1990, the Administrative Judge affirmed OPM's reconsideration decision. The initial decision informed Mrs. Tiongco that the decision would become final on September 5, 1990, unless a petition for review was filed. On August 14, 1990, Mrs. Tiongco filed a deficient petition for review of the initial decision with the Board. On September 27, 1990, the Board sent Mrs. Tiongco notice that it was rejecting her petition for failure to serve the opposing party and to attach a certificate of service, but allowing her an additional 30 days to file a corrected petition for review.
 
 
 3
 Seven months later, on May 27, 1991, Mrs. Tiongco again petitioned the Board for review stating that she was "late to reply" because she "was in Bohol province, Visaya, to have vacation in my home, for 9 months...." The Board notified Mrs. Tiongco that her corrected petition was untimely and ordered her to submit an affidavit establishing "good cause" for her late filing. 5 C.F.R. § 1201.114(f). In response, Mrs. Tiongco submitted an affidavit stating: "I was in Maribojoc, Bohol, where I stayed for nine months and it was only when I returned to Subic, Zambales that I learned about the Decision concerning my claim." The Board found that the reason Mrs. Tiongco did not receive the Board's September 27, 1990, rejection letter was because she failed to apprise the Board of her change of address and did not arrange for the forwarding of her mail. Accordingly, finding no good cause for the untimely filing of the resubmission, the Board dismissed the petition for review.
 
 
 4
 The Board has broad discretion to decide whether to waive the time for appeal. Womack v. Merit Sys. Protection Bd., 798 F.2d 453, 456 (Fed.Cir.1986). This court will not substitute its own judgment for that of the Board. Phillips v. United States Postal Serv., 695 F.2d 1389, 1390-91 (Fed.Cir.1982). Here, the Board properly advised Mrs. Tiongco in writing that her petition for review was deficient and of the 30-day deadline for filing a corrected petition for review. However, Mrs. Tiongco failed to receive the letter because she had gone on a lengthy vacation without providing a forwarding address. In the Board's view, Mrs. Tiongco's explanation did not establish good cause for the lengthy delay in petitioning the Board for review. We discern no error in the Board's dismissal.
 
 
 5
 Mrs. Tiongco makes a plea directly to this Court to grant her a small amount of money because she has "no means of living" and "is always getting sick now." While this Court expresses its sympathy because of the dire circumstances in which Mrs. Tiongco finds herself, the Court has no authority to grant money to Mrs. Tiongco unless she is entitled to a pension under the law. OPM held she was not eligible for pension benefits. No error in OPM's decision has been demonstrated.
 
 
 
 *
 The Honorable Jane A. Restani, Judge, United States Court of International Trade, sitting by designation