Sebastian SANTARO, Petitioner,

v.

MERIT SYSTEMS PROTECTION
BOARD, Respondent.

No. 01–3189.

United States Court of Appeals,
Federal Circuit.

Dec. 12, 2001.

Before NEWMAN, CLEVENGER, and SCHALL, Circuit Judges.

NEWMAN, Circuit Judge.

Sebastian Santaro seeks review of the decision of the Merit Systems Protection Board dismissing his appeal as untimely filed. *Santaro v. United States Postal Service*, Docket No. NY0752980016–I–2 (July 18, 2000). We *affirm.*

## BACKGROUND

Mr. Santaro had been a letter carrier for the U.S. Postal Service (hereinafter "the agency") for over fifteen years when he was charged with criminal violations of the New York State Penal Laws on July 22, 1997. As a result, the agency issued a

letter of decision to remove him from his position effective October 14, 1997. On October 10, 1997, Mr. Santaro filed a timely appeal of this decision to the Board. On October 31, 1997, at Mr. Santaro's request, the administrative judge dismissed the appeal without prejudice because of the pendency of the criminal proceeding against him. This initial decision stated as follows:

> The appeal is DISMISSED without prejudice to the appellant's right to refile the appeal within 35 days after the criminal proceeding is disposed of at the trial level, or by November 1, 1998, *whichever is earlier.*

(emphasis in original). This decision became final on December 5, 1997.

The appellant refiled the appeal by facsimile on March 23, 2000. On March 24, 2000, the administrative judge issued an order to show cause directing Mr. Santaro to file evidence demonstrating that the appeal was timely filed or that good cause existed for the delay. In response, Mr. Santaro sent a letter stating that he had presented all relevant papers to his union upon disposition of the criminal charges and thought that the issues would be settled. He also wrote that the fact that he was not "aware" of a time restraint on reopening the case with the Board "was a terrible oversight on my part and the part of everyone counseling me." He also explained that the criminal charges had created a great upheaval in his life, taking a great psychological toll.

The administrative judge held that Mr. Santaro's refiled appeal on March 23, 2000, was untimely, and that he failed to show good cause for the late filing. The judge found that the October 31, 1997, decision clearly stated that the appeal could be refiled no later than November 1, 1998, but that Mr. Santaro's appeal was filed more than 16 months after this deadline had passed. The full Board denied Mr. Santaro's petition for review, and the initial

decision became final. This appeal followed.

## DISCUSSION

If a party does not file an appeal to the Board within the time set by statute, regulation, or order of a judge, it will be dismissed as untimely filed unless a good reason for the delay is shown. 5 C.F.R. § 1201.22(c). The appellant has the burden of proof, by a preponderance of the evidence, with respect to the timeliness of an appeal. 5 C.F.R. § 1201.56(a)(2)(ii). The Board's decision must be affirmed unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c).

■ In determining good cause, the Board generally considers the factors identified in *Alonzo v. Dep't of the Air Force,* 4 MSPB 262, 264, 4 M.S.P.R. 180, 184 (1980). These factors include the length of delay; whether the appellant was notified of the time limit or otherwise aware of it; the existence of circumstances beyond the control of the appellant which affected his ability to comply; the degree of appellant's negligence; circumstances which show excusable neglect; a showing of unavoidable casualty or misfortune; and the extent of prejudice to the agency which would result from a waiver of the time limit. *Id.* These criteria have been endorsed by the Federal Circuit. *See, e.g., Walls v. Merit Sys. Protection Bd.,* 29 F.3d 1578, 1582 (Fed. Cir.1994) ("We previously have recognized the efficacy of the *Alonzo* factors in good cause determinations by the Board.")

■ Mr. Santaro argues that an "appeal dismissed without prejudice" implies a continuing jurisdictional predicate, and that

the November 1, 1998 date was merely a "control date" without jurisdictional significance. He contends that the dismissal without prejudice should be viewed as an indefinite suspension of the administrative proceedings, and that as long as he refiled his appeal within 35 days after the criminal proceeding was disposed of, the Board should have had jurisdiction. We agree with the Board that the notice provided by the administrative judge's October 31, 1997 decision to dismiss the appeal without prejudice clearly stated that the appeal must be refiled within 35 days after the criminal proceedings were disposed of at the trial level or by November 1, 1998, *"whichever is earlier"* (emphasis in original). Moreover, the notice was clear that the appeal was "dismissed" rather than suspended; this choice was within the Board's discretion.

Mr. Santaro asserts that because the criminal proceedings were, in fact, not disposed of by November 1, 1998, this deadline became an "artificial, arbitrary and capricious" deadline that would have a "chilling effect upon both the self-incrimination and due process clauses of the 5th Amendment to the United States Constitution." However, Mr. Santaro does not demonstrate how his constitutional rights were implicated, for he could have simply refiled his appeal by the stated deadline, and requested further delay in the Board's proceedings. After finding that the notice of the deadline was clear, the administrative judge considered the other *Alonzo* factors, such as the delay in refiling the appeal (16 months) and Mr. Santaro's admission that ignoring the time restraint "was a terrible oversight on my part and the part of everyone counseling me." The administrative judge found that Mr. Santaro had not made a showing of unavoidable casualty or misfortune based on his claims of psychological distress, and also found that Mr. Santaro's hope that the matter could be resolved between the union and the agency did not constitute good cause for a waiver of the filing deadline. *Cf. Zuhlke v. U.S. Postal Service,* 74 M.S.P.R. 401, 404 (1997). We do not discern reversible error in these findings.

■ Mr. Santaro also asserts that the agency would not be prejudiced by a waiver of the time limit. The issue of prejudice, however, does not arise unless the appellant has shown good cause for the delay. *See Bacashihua v. Merit Sys. Protection Bd.,* 811 F.2d 1498, 1502 (Fed.Cir. 1987).

■ Mr. Santaro argues that it was improper for the administrative judge to dismiss the appeal without a hearing on timeliness. The Board is not required to hold a hearing before determining whether there is good cause for waiving the time for appeal. *See Womack v. Merit Sys. Protection Bd.,* 798 F.2d 453, 455 (Fed.Cir. 1986) ("The decision whether to hold a hearing on a request for waiver is a matter within the discretion of the Board in the exercise of its broad authority to prescribe and apply its own procedures."). The administrative judge did not abuse his discretion by deciding the issue without a hearing.

■ Mr. Santaro challenges the authority of the administrative judge to issue a "Notice" which stated that the record on the issue of timeliness had closed and summarized the holding of the forthcoming decision. This Notice was issued after the administrative judge had received and considered Mr. Santaro's response to the order to show cause. Although no regulation addresses the issuance of such a notice, MSPB administrative judges have general authority to conduct fair and impartial hearings, and to act to avoid delay in all proceedings, unless otherwise limited by law. 5 C.F.R. § 1201.41(b). The administrative judges are not limited to the

procedures itemized in the regulations. *Id.* Mr. Santaro has not demonstrated that the Notice harmed him in any way.

 Mr. Santaro also asserts that the administrative judge violated the Board's policy of making special accommodations to *pro se* appellants. In support, he quotes a section of the *Judges' Handbook* stating that an administrative judge should not "generally reject filings by pro se appellants for failing to comply with technical requirements, unless the violations are repeated after a clear warning." *Merit Sys. Protection Bd. Judges' Handbook,* ch. 2, sec. 7. This court has often endorsed the policy favoring *pro se* petitioners. However, filing deadlines are not "technical requirements." Mr. Santaro was given clear notice of the filing deadline; the Board acted within its discretionary authority in declining to waive the late filing.

No costs.