NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**DOUGLAS SCZYGELSKI,**
*Petitioner,*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent.*

---

2014-3007

---

Petition for review of the Merit Systems Protection Board in No. DE3443080306-I-1.

---

Decided: March 10, 2014

---

DOUGLAS SCZYGELSKI, of Bismarck, North Dakota, pro se.

SARA B. REARDEN, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent. With her on the brief was BRYAN G. POLISUK, General Counsel.

---

Before LOURIE, O'MALLEY, and CHEN, *Circuit Judges.*

PER CURIAM.

Douglas Sczygelski ("Sczygelski") contests the Merit Systems Protection Board's ("Board") dismissal of his petition for review as untimely. Sczygelski also asks that we reverse the Board's refusal to reopen his appeal. We find that the Board did not err in finding that Sczygelski failed to establish good cause for his untimely filing or by refusing to reopen his appeal. We thus *affirm*.

## I. BACKGROUND

Sczygelski was hired as a Center Adjudications Officer with the United States Citizenship and Immigration Services on November 23, 2003. *See Sczygelski v. Dept. of Homeland Security*, 2008 MSPB LEXIS 6721, at *1 (M.S.P.B. July 2, 2008). He was hired to a one-year term appointment with possible extensions of up to four years. *See id.* His appointment was extended twice and was set to expire September 30, 2006. *See id.* Prior to the expiration of his second term, Sczygelski resigned and accepted a position as an Agriculture Specialist with the United States Customs and Border Protection ("CBP") under the Federal Career Intern Program ("FCIP") on September 17, 2006. *See id.*

Sczygelski's position as an Agriculture Specialist was in the excepted service. *See id.* Consistent with FCIP appointment protocol, Sczygelski's appointment was time-limited and was not to exceed two years, plus extensions, unless he was converted to a competitive position at the end of the two-year trial period. *See id.* at 3. The FCIP scheme contemplates that an applicant normally will be converted to the competitive service after the two-year trial period. *See id.* Sczygelski, however, was terminated on April 8, 2008, prior to the expiration of his two-year trial period. *See id.* at 2.

CBP fired Sczygelski before the end of his two-year trial period. According to Sczygelski, he was fired because

he sent letters "to people and newspapers" that were perceived to be disparaging of African-Americans. Respondent's Appendix ("R.A.") at 16 (Szcygelski's Reply to Agency's Response). This was consistent with the findings of the CBP's Office of Internal Affairs investigation that resulted in Sczygelski's termination. *See* R.A. at 97. That investigation found that Sczygelski used a government computer to conduct research to "distribute[] hundreds of unsolicited letters to various university campuses across the country." *Id.*

CBP found that his behavior was contrary to CBP Standard of Conduct § 6.11.2. *See id.* That section states that, among other things, employees of CBP shall not evince "hatred or invidious prejudice to or about another person or group on account of race, color, religion, national origin, sex, sexual orientation, age or disability." *Id.* (quoting § 6.11.2). CBP determined that Sczygelski's public letter writing campaign led to diminished respect for CBP and interfered with its law enforcement mission. *See id.* Several newspaper articles were written about his mailings, the letters received radio news coverage, and his co-workers discussed them at work. *See id.* Given these circumstances, CBP determined that Sczygelski lacked "the traits and judgment necessary for satisfactory performance as a career employee and that continuation of [his] internship was not in the best interest of [CBP]." *Id.*

Sczygelski appealed his termination. R.A. at 89–92. He contested the finding that he violated the CBP Standard of Conduct because he did not make "invidious or derogatory" statements about "blacks." *Id.* According to Sczygelski, the Standard of Conduct does not bar derogatory statements about racial groups, it simply forbids conduct evidencing "hatred" and "invidious prejudice." *Id.* Sczygelski contended that his statements were not intended to demonstrate hatred or invidious prejudice against anyone. *See id.*

The Board acknowledged receipt of Sczygelski's appeal. R.A. at 81–88. The Board informed Sczygelski that, because he was in the excepted service, it may not have jurisdiction to hear his appeal. *See id.* at 82. The Board noted that he "must be: (a) a preference-eligible employee who has completed one year of current, continuous services in the same or a similar position[], or (b) an employee who is not serving a probationary or trial period under an initial appointment pending conversion to the competitive service or who has completed two years of current, continuous service in the same or similar positions under other than a temporary appointment limited to two years or less." *Id.*

The Department of Homeland Security ("DHS") moved to dismiss Sczygelski's appeal, arguing that the Board lacked jurisdiction. *See* R.A. at 69–74. Sczygelski disagreed and, among other things, argued that the Board had jurisdiction because he was not serving a probationary or trial period. *See id.* at 80. The Board agreed with DHS. Specifically, the Board found that it was undisputed that Sczygelski was serving under the FCIP and that at the time of his termination he had not been converted to the competitive service. *See Sczygelski*, 2008 MSPB 6721, at *4–7 (M.S.P.B. July 2, 2008). The Board found that he was serving in a trial period as a matter of law. *See id.* And, the Board found that FCIP appointments are excepted service appointments. *See id.* The Board thus held that Sczygelski would have appeal rights to the Board only if he met the definition of "employee" set forth in 5 U.S.C. §§ 7511(a)(1)(B) or (C). *See id.* The Board concluded that the only possible definition of employee within which Sczygelski may fit would require him to have completed two years of continuous service in the same or similar positions as described in 5 U.S.C. § 7511(a)(1)(C)(ii). *See id.* The Board concluded that he did not fit that definition of employee either and dis-

missed his appeal for a lack of jurisdiction.   *See id.* Sczygelski did not appeal that decision at that time.

   Sczygelski filed a petition for review of the 2008 decision four years later on October 31, 2012.  *See* R.A. at 45.  He also requested that the Board reopen his appeal. *See id.*  Sczygelski argued that he recently discovered that CBP used improper procedures or gave him improper notice when it terminated him.  *See Sczygelski v. Dept. of Homeland Security*, 119 M.S.P.R. 529 (M.S.P.B. August 5, 2013) ("*Final Order*").   He also contended that CBP had made a suitability determination when it fired him.  *See id.*  Based on those reasons, Sczygelski asserted that he was able to establish good cause for the late filing of his petition for review or to reopen his appeal.  *See id.*  The Board disagreed and dismissed his appeal as untimely filed.  Sczygelski now appeals that decision.

## II. DISCUSSION

   Sczygelski contends that he recently discovered 5 C.F.R. § 731.501, which states that when an agency takes a "suitability action" against a person, that person may appeal the action to the Board.  *See* 5 C.F.R. § 731.501. Sczygelski claims the Board would have exercised jurisdiction over this case if he knew about § 731.501 at the time of his initial appeal and had asserted it.  *See* Informal Brief of Petitioner at 3.  He argues that his failure to discover that regulation was a direct result of the administrative judge's actions.   Specifically, he contends that the administrative judge who heard his appeal stated in the initial Acknowledgement Order that there were only two grounds for Board jurisdiction and did not reference § 731.501.  *See id.*  Sczygelski also contends that his untimely filing was a result of CBP's failure to notify him of his right to appeal under § 731.501 as one such ground. *See id.* at 4.  In particular, he argues that, when an agency makes a suitability determination about someone, it is required by 5 C.F.R. § 731.404 to inform the employee of

his or her right to appeal, which CBP failed to do so in his case. *See id.*

Our review of the Board's decisions is limited by statute. *See* 5 U.S.C. § 7703(c). An appeal to the Board "must be filed no later than 30 days after the effective date, if any, of the action being appealed, or 30 days after the date of the appellant's receipt of the agency's decision, whichever is later." 5 C.F.R. § 1201.22(b)(1). An untimely appeal will be dismissed "unless good reason for the delay is shown." *Id.* at 1201.22(c). "[W]hether the regulatory time limit for an appeal should be waived based upon a showing of good cause is a matter committed to the Board's discretion" which "we will disturb . . . only if it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law." *Mendoza v. Merit Sys. Prot. Bd.*, 966 F.2d 650, 653 (Fed. Cir. 1992) (en banc). The petitioner has the burden to demonstrate excusable delay. 5 C.F.R. § 1201.56(a)(2)(ii).

Sczygelski must establish good cause to justify his delay in filing his petition for review. *See Zamot v. Merit Sys. Prot. Bd.*, 322 F.3d 1374, 1377 (Fed. Cir. 1994). In considering whether Sczygelski can demonstrate good cause, the Board will consider whether circumstances beyond the petitioner's control affected his ability to comply with the filing deadline, whether he was notified of the filing deadline, and whether he exercised due diligence in meeting the deadline. *See id.*; *see also Walls v. Merit Sys. Prot. Bd.*, 29 F.3d 1578, 1582 (Fed. Cir. 1994).

We find that the Board did not abuse its discretion in refusing to allow Sczygelski to file his petition for review four years after the deadline. The Board found that Sczygelski did not exercise either the due diligence or ordinary prudence necessary to justify waiving the deadline. *See Final Order* at 529. It is undisputed that Sczygelski was informed of the filing deadline. The Board

also found that Sczygelski's recent discovery of §§ 731.404 and 501 did not qualify as new evidence that warranted good cause to waive the filing deadline. *See id.* While the Board will consider the discovery of new evidence in determining whether to waive a filing deadline, Sczygelski must demonstrate that the evidence was not available to him before the deadline. *See id.* The Board correctly concluded that Sczygelski did not demonstrate that any of this information, namely the existence of §§ 731.404 and 501, was unavailable to him prior to the close of the record in his initial appeal. *See id.*

The Board also considered the fact that Sczygelski had proceeded pro se during the pendency of his initial appeal. While giving that fact some weight, the Board found that the length of the delay—4 years—coupled with Sczygelski's failure to provide a plausible reason why he failed to discover the regulations demonstrated that he did not exercise due diligence. In other words, even assuming that the administrative judge and the CPB gave him incorrect or misleading information, Sczygelski did not diligently exercise his individual responsibility to research any potential grounds to appeal the administrative judge's initial decision. Accordingly, given the Board's careful consideration of the issues, we find that the Board's decision was supported by substantial evidence and was not arbitrary, capricious, an abuse of discretion, or otherwise contrary to law.

We also affirm the Board's refusal to reopen Sczygelski's appeal. Because he has not met his initial burden demonstrating good cause for his filing delay, the agency is not required to establish that it would be prejudiced by a reopening of his appeal. *See Womack v. Merit. Sys. Prot. Bd.*, 798 F.2d 453, 456 (Fed. Cir. 1986).

## III. CONCLUSION

We hold that the Board did not abuse its discretion by dismissing Sczygelski's petition for review as untimely

filed.  We also find that the Board did not err in refusing to reopen Sczygelski's appeal.  We thus *affirm* the Board's judgment.

**AFFIRMED**