# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| CARLA JEAN NELSON, | DOCKET NUMBER |
| Appellant, | DC-0752-13-6569-I-1 |
| v. | |
| NATIONAL COUNCIL ON DISABILITY, | DATE: August 15, 2014 |
| Agency. | |

## THIS ORDER IS NONPRECEDENTIAL[1]

Carla Jean Nelson, Oxon Hill, Maryland, pro se.

Brenda F. Ward, Esquire, Washington, D.C., for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

### REMAND ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed her appeal as untimely filed without good cause. For the reasons discussed below, we GRANT the appellant's petition for review and REMAND

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the case to the regional office for further adjudication in accordance with this Order.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2      The agency employed the appellant as an Administrative Specialist. Initial Appeal File (IAF), Tab 8 at 34. On May 7, 2013, the agency proposed her removal based on the charge of "conviction of embezzlement." *Id*. at 14-17. The appellant orally responded to the charge. *See id*. at 11. Nevertheless, the agency removed the appellant, effective July 1, 2013. *Id.* at 10-13.

¶3      The appellant filed an appeal of her removal with the Board on September 15, 2013. IAF, Tab 1. She alleged that the agency violated her rights by committing harmful procedural error and engaging in a prohibited personnel practice due to whistleblowing activity. *Id*. at 4. The appellant indicated that she had filed a complaint with the Office of Special Counsel (OSC), also on September 15, 2013, the day of her Board appeal. *Id*. at 5; *see also* IAF, Tab 2 at 10-17 (completed OSC questionnaire).

¶4      The agency responded to the appeal with a motion to dismiss the case as untimely filed. IAF, Tab 8 at 4-7. The administrative judge issued a timeliness order. IAF, Tab 11. According to this order, the appeal appeared untimely because it had not been filed within 30 days of the appellant's removal. *Id*. at 2. The judge directed the appellant to submit argument or evidence that her appeal was timely, or that good cause existed for its untimeliness. *Id*. at 3-4.

¶5      The appellant responded to the timeliness order, again alleging that she had engaged in whistleblowing activity. IAF, Tab 12 at 1-3. She also argued that good cause existed for her filing more than 30 days after her removal. *Id*. at 2-3. According to the appellant, she had been misled by a confidant at the agency regarding her chances before the Board, and she had suffered from depression after her removal. *Id*.

¶6      The administrative judge dismissed the appeal, finding that it was untimely and that the appellant had failed to establish good cause for this untimeliness. IAF, Tab 14, Initial Decision (ID).  The appellant has filed a petition for review, Petition for Review (PFR) File, Tab 1, and the agency has filed a response, PFR File, Tab 4.

To the extent that the appellant sought to bring her case as an adverse action appeal, she failed to present good cause for her untimely filing, and the administrative judge's dismissal was proper.

¶7      An appeal must generally be filed no later than 30 days after the effective date of the action being appealed, or 30 days after the appellant's receipt of the agency's decision, whichever is later.  5 C.F.R. § 1201.22(b)(1).  An appellant bears the burden of proof regarding the timeliness of her appeal.  5 C.F.R. § 1201.56(a)(2)(ii).  If the appeal is untimely, it will be dismissed unless the appellant shows good cause for the delay.  5 C.F.R. § 1201.22(c).

¶8      To establish good cause for the untimely filing of an appeal, a party must show that she exercised due diligence or ordinary prudence under the particular circumstances of the case.  *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980).  In determining whether an appellant has shown good cause, the Board will consider whether she is proceeding pro se, the length of the delay, the reasonableness of her excuse and her showing of due diligence, and whether she has presented evidence of the existence of circumstances beyond her control that affected her ability to comply with the time limits or of unavoidable casualty or misfortune which similarly shows a causal relationship to her inability to timely file her petition.  *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table).

¶9      In her petition, the appellant alleges that she did establish good cause for her untimeliness, and that the administrative judge erred in finding otherwise.  PFR File, Tab 1 at 1-3.  She asserts that the administrative judge failed to adequately consider all the applicable reasons for her untimely filing, including

her lack of legal representation, her depression, her inability to obtain medical treatment for that depression due to financial constraints, and her allegation that an agency attorney misled her with fraudulent statements relating to her appeal. *Id*. at 2-3. The appellant also presented new evidence,[2] consisting of three sworn declarations. *Id*. at 17-20. However, under 5 C.F.R. § 1201.115, the Board will not consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence. *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980). Because the appellant has made no such showing, we decline to consider her newly submitted evidence.

¶10    The appellant is proceeding pro se. Nonetheless, the appellant has not disputed that she filed her removal appeal approximately 46 days late. *Compare* IAF, Tab 2 at 3 (removal notice effective July 1, 2013), *with* IAF, Tab 1 at 2 (Board appeal dated September 15, 2013). The administrative judge found this delay significant and we agree. *See* ID at 5; *see also Winfrey v. National Archives and Records Administration*, 88 M.S.P.R. 403, ¶ 6 (2001) (a 48-day delay in filing an appeal was not minimal and did not provide a basis for waiving the filing deadline).

¶11    We also agree that the appellant failed to show that she exercised due diligence or ordinary prudence under the particular circumstances of her case.

---

[2] The appellant also submitted telephone records and an email with her petition. PFR File, Tab 1 at 7-13. This evidence is not new, as she previously submitted it with her response to the timeliness order. IAF, Tab 12 at 6-12. The appellant argues that the phone records contradict a sworn statement provided by the agency. PFR File, Tab 1 at 3. However, the administrative judge found that, even if the appellant's allegations about the alleged phone calls were true, it did not excuse the appellant's untimeliness. ID at 5. We agree. The appellant also argues that the email, addressed to her and from the deciding official, was inappropriate contact during the Board's proceedings. PFR File, Tab 1 at 2. Yet, she failed to provide any argument as to how this email, in which the deciding official offered to meet with the appellant if she wished, had any bearing on her untimeliness or otherwise prejudiced her appeal. Accordingly, we find the evidence the appellant resubmitted with her petition for review inconsequential.

The appellant alleged that her untimeliness can be attributed to her reliance on misleading information from a confidant who was also an attorney for the agency. IAF, Tab 12 at 2-3. According to the appellant, this confidant advised her that a Board appeal would be costly and complicated, with little chance for a positive result. *Id*. at 2. Nevertheless, the administrative judge determined that, even if true, this information would not have persuaded a reasonable person not to file a Board appeal. ID at 5. Although the appellant expressed disagreement in her petition for review, PFR, Tab 1 at 4, she provided no basis to reverse the administrative judge's conclusion.

¶12 The appellant also alleged that her untimeliness can be attributed to depression. IAF, Tab 12 at 2-3. To establish that an untimely filing was the result of an illness, an appellant must: (1) identify the time period during which she suffered from the illness; (2) submit medical evidence showing that she suffered from the alleged illness during that time period; and (3) explain how the illness prevented her from timely filing her appeal or a request for an extension of time. *Lacy v. Department of the Navy*, 78 M.S.P.R. 434, 437 (1998). Although medical evidence is preferable, otherwise supportive and corroborating evidence may suffice if medical evidence is unavailable. *Id*. at n.*. The administrative judge's timeliness order included these requirements, directing the appellant to respond accordingly. IAF, Tab 11 at 4. However, the appellant's response contained only bare unsworn assertions that she suffered from depression after her removal, IAF, Tab 12 at 2-3, along with similarly bare and unsworn assertions of depression-like symptoms in declarations from an acquaintance and a niece, *id*. at 13-14.

¶13 Even if she had established that she suffered from depression, the appellant failed to meet her burden of proving that her untimely filing was the result of illness because she did not identify the relevant period during which she suffered from depression and she provided no substantive explanation of how depression prevented her from timely filing her appeal or a request for an extension. *See*

*Jimenez v. Social Security Administration*, 100 M.S.P.R. 287, ¶ 6 (2005) (finding no good cause for untimely filing where appellant failed to identify the time period of her alleged illnesses or how those illnesses prevented her from timely filing). On review, the appellant reiterates her claim that depression caused her to have difficulty focusing and impaired her judgment. PFR File, Tab 1 at 2-3. However, we agree with the administrative judge's conclusion that these allegations failed to meet the appellant's burden. *See* ID at 3-4.

¶14 Finally, the appellant's petition argues that the administrative judge erred in failing to consider whether the agency was harmed by her untimeliness. PFR File, Tab 1 at 2. The Board, though, only determines whether the agency would be harmed if good cause has been demonstrated. *Womack v. Merit Systems Protection Board*, 798 F.2d 453, 456 (Fed. Cir. 1986). Where an appellant fails to establish good cause for her untimely filing, an argument that the agency would not be prejudiced is irrelevant. *Id.*

¶15 Based on the above and to the extent that the appellant sought to bring her case as an adverse action appeal, we affirm the dismissal of her appeal as untimely and without good cause.

<u>The administrative judge erred in failing to determine if the appeal was a timely individual right of action (IRA) appeal, not subject to the timeliness requirements of 5 C.F.R. § 1201.22(b).</u>

¶16 An employee who has been subjected to an action appealable to the Board and who alleges that she has been affected by a prohibited personnel practice other than a claim of discrimination under 5 U.S.C. § 2302(b)(1) may elect to pursue a remedy through one, and only one, of the following remedial processes: (1) an appeal to the Board under 5 U.S.C. § 7701; (2) a grievance filed pursuant to the provisions of the negotiated grievance procedure; or (3) a complaint following the procedures for seeking corrective action from the OSC under 5 U.S.C. §§ 1211–1222. *Edwards v. Department of Air Force*, 120 M.S.P.R. 307, ¶ 12 (2013) (citing 5 U.S.C. § 7121(g)). Generally, whichever

remedy is sought first by an aggrieved employee under section 7121(g) is deemed an election of that procedure and precludes pursuing the matter in either of the other two forums. *Agoranos v. Department of Justice*, 119 M.S.P.R. 498, ¶ 14 (2013). An employee's election, however, will not be binding if it is not knowing and informed. *Id.* Accordingly, when an agency takes an action without informing the appellant of her procedural options under section 7121(g) and of the preclusive effect of electing one of those options, any subsequent election by the appellant is not binding. *Id.*, ¶ 17.

¶17        Here, the appellant is not covered by a bargaining unit or negotiated grievance procedure. IAF, Tab 8 at 8. Thus, she was left with the options of proving that the Board has jurisdiction over her appeal as (1) a chapter 75 adverse action appeal, or (2) an IRA appeal. *See Edwards*, 120 M.S.P.R. 307, ¶ 13 (discussing these two options for adjudicating a whistleblower claim arising out of an adverse action). The appellant's appeal indicates that she filed a whistleblower complaint with OSC on the same day as her Board appeal, but at a later time of day. IAF, Tab 1 at 5, Tab 2 at 10-17. It thus appears that the appellant elected to file her Board appeal first. Nevertheless, we find that the election was not knowing and informed because the agency's decision letter did not inform the appellant of the preclusive effect of first filing a Board appeal before filing an OSC complaint. IAF, Tab 2 at 4-5. Therefore, the administrative judge should determine on remand whether the Board has jurisdiction over the appellant's whistleblower claims as an IRA appeal.[3]

---

[3] The Board has jurisdiction over an IRA appeal if an appellant has exhausted her administrative remedies before OSC and makes nonfrivolous allegations that: (1) she engaged in whistleblowing activity by making a protected disclosure under 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (B), (C), or (D); and (2) the disclosure was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a). 5 U.S.C. § 1214(a)(3); *Yunus v. Department of Veterans Affairs*, 242 F.3d 1367, 1371 (Fed. Cir. 2001).

¶18    We further find that the appellant's appeal was timely filed as an IRA appeal. Under 5 U.S.C. § 1214(a)(3), an appellant may file an IRA appeal with the Board once OSC closes its investigation into her complaint and no more than 60 days have elapsed since notification of the closure was provided to her or 120 days has elapsed since the appellant sought corrective action from OSC and she has not been notified by OSC that it shall seek corrective action on her behalf. *Wells v. Department of Homeland Security*, 102 M.S.P.R. 36, ¶ 6 (2006). The record shows that the appellant's appeal was premature at the time of filing, if it is deemed an IRA appeal. *See generally Jundt v. Department of Veterans Affairs*, 113 M.S.P.R. 688, ¶ 6 (2010) (affirming the dismissal of an IRA appeal as premature where the appellant filed her complaint with OSC after her initial appeal with the Board, but before the administrative judge issued an initial decision to dismiss). Nevertheless, the Board's practice is to adjudicate an appeal that was premature when it was filed but becomes ripe while pending with the Board. *Id.*, ¶ 7. Because it appears that the appellant filed her whistleblower complaint with OSC on September 15, 2013, IAF, Tab 2 at 10-17, which is more than 120 days ago, her whistleblower retaliation claim is now ripe.

¶19    Based on the above, and to the extent that the appellant sought to bring her case as a whistleblower retaliation appeal, we grant the petition for review and remand to the regional office for further adjudication as an IRA appeal. On remand the administrative judge should determine whether the appellant has established the jurisdictional elements of her IRA appeal. If the appellant satisfies the jurisdictional requirements, then she a the right to a hearing on the merits of her whistleblower reprisal claim.

## ORDER

For the reasons discussed above, we REMAND this case to the regional office for further adjudication in accordance with this Remand Order.


FOR THE BOARD: _____

William D. Spencer
Clerk of the Board

Washington, D.C.