NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**LAURA A. LIMBRICK,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2022-1922

---

Petition for review of the Merit Systems Protection Board in No. DA-0752-21-0293-I-1.

---

Decided: November 9, 2023

---

JENNIFER DUKE ISAACS, Melville Johnson, P.C., Atlanta, GA, argued for petitioner.

STEPHEN FUNG, Office of General Counsel, United States Merit Systems Protection Board, Washington, DC, argued for respondent. Also represented by ALLISON JANE BOYLE, KATHERINE MICHELLE SMITH.

---

Before LOURIE, REYNA, and CHEN, *Circuit Judges*.

PER CURIAM.

Laura A. Limbrick appeals a final order of the Merit Systems Protection Board (Board) that denied her petition for review and affirmed the Board's initial decision in *Limbrick v. Department of the Treasury*, No. DA-0752-21-0293-I-1, 2021 WL 3146401 (M.S.P.B. July 19, 2021) (*Initial Decision*), which dismissed Ms. Limbrick's appeal to the Board as being untimely filed without good cause. *Limbrick v. Dep't of the Treasury*, No. DA-0752-21-0293-I-1, 2022 WL 1310834, at \*1 (M.S.P.B. Apr. 27, 2022) (*Final Order*). Because we do not believe the Board abused its discretion in considering Ms. Limbrick's appeal to the Board to be untimely filed without good cause, we *affirm*.

## BACKGROUND

On January 30, 2020, the Internal Revenue Service (IRS) removed Ms. Limbrick from her position as a revenue officer. *Initial Decision*, 2021 WL 3146401. During an in-person meeting a day before her removal that Ms. Limbrick concedes to have attended, the IRS served its removal decision to Ms. Limbrick. *Id.* That decision informed Ms. Limbrick of her right to appeal to the Board and indicated that she must file an appeal no later than 30 calendar days after receiving the decision. J.A. 29–30.

Ms. Limbrick filed her appeal to the Board on June 7, 2021, 15 months after the deadline. *Final Order*, 2022 WL 1310834, at \*2 & n.2; *Initial Decision*, 2021 WL 3146401. In its initial decision, the Board determined that Ms. Limbrick untimely filed her appeal and failed to show good cause for waiving the filing deadline. *Initial Decision*, 2021 WL 3146401. In reaching this determination, the Board considered (1) the almost year-and-a-half delay in Ms. Limbrick's filing, (2) Ms. Limbrick's pro se status, (3) Ms. Limbrick's displacement from her permanent residence from June 2019 to January 2021, (4) Ms. Limbrick's concession that she was able to manage complex tasks in her life while she was displaced, (5) Ms. Limbrick's

acknowledgment that she received the IRS's removal decision, (6) Ms. Limbrick's representation that she was confused about the contents of the removal decision, and (7) the hospitalizations of Ms. Limbrick's daughter in February 2021 and April 2021. *Id.* Weighing these factors, the Board concluded that Ms. Limbrick failed to establish good cause for her delay in filing the appeal. *Id.*

Following the Board's initial decision, Ms. Limbrick submitted a petition for review by the full Board. *Final Order*, 2022 WL 1310834, at \*1. In its final order, the Board denied the petition and affirmed the Board's initial decision. *Id.* Ms. Limbrick timely appealed this final order to us. We have jurisdiction pursuant to 5 U.S.C. § 7703(b)(1)(A) and 28 U.S.C. § 1295(a)(9).

## DISCUSSION

"If a party does not submit an appeal [to the MSPB] within the time set by statute, regulation, or order of a [Board] judge, it will be dismissed as untimely filed unless a good reason for the delay is shown." *Kerr v. Merit Sys. Prot. Bd.*, 908 F.3d 1307, 1311 (Fed. Cir. 2018) (alterations in original) (quoting 5 C.F.R. § 1201.22(c)). "The appellant bears the burden of establishing 'good cause' for the delay." *Id.* "To establish good cause for a filing delay, an appellant must show that the delay was excusable under the circumstances and that the appellant exercised due diligence in attempting to meet the filing deadline." *Herring v. Merit Sys. Prot. Bd.*, 778 F.3d 1011, 1017 (Fed. Cir. 2015) (internal quotation marks omitted). "The decision to waive the time limit to appeal to the Board is committed to the discretion of the Board, and is reversed only for abuse of that discretion." *Id.* at 1013.

We do not believe the Board abused its discretion in finding Ms. Limbrick's petition to be untimely filed without good cause. The Board found that "[m]ost significantly, [Ms. Limbrick's] appeal [was] late by nearly a year and a half as opposed to a few days." *Initial Decision*, 2021 WL

3146401. The Board then considered the personal circumstances raised by Ms. Limbrick and found that they ultimately did not amount to good cause. *Id.*

Ms. Limbrick's arguments on appeal fail to establish an abuse of discretion. Ms. Limbrick repeats several arguments that she presented to the Board. For example, Ms. Limbrick contends that (1) her displacement from her home was a circumstance beyond her control that negatively impacted her ability to work and deprived her of access to her medical assistive technology, (2) when she was removed, she did not receive Standard Form 50, did not have the opportunity to ask questions, did not have a clear understanding of the removal process, and did not realize that she had an appeal deadline that ran from the date of her removal, and (3) her daughter's hospitalizations in February 2021 and in April 2021 further prevented her from timely filing her appeal. The Board, however, considered each of these arguments and their underlying facts and concluded that they did not establish good cause. *Initial Decision*, 2021 WL 3146401. Ms. Limbrick does not identify any specific factor that the MSPB failed to consider but should have considered. *See Herring*, 778 F.3d at 1018–19 (reversing the Board's determination of no good cause because the Board failed to consider a factor that it had "previously treated as significant"). Nor does Ms. Limbrick allege that the Board had a mistaken understanding of the facts. While we are sympathetic to Ms. Limbrick's personal circumstances, we are unpersuaded that the Board abused its discretion in concluding that no good cause existed to excuse Ms. Limbrick's significant delay in filing her appeal to the Board.

Ms. Limbrick further contends that the IRS never alleged that it experienced any prejudice due to the delay. But Ms. Limbrick "has the burden of initially showing that there was good cause for the delay," and only if she carried that burden was the IRS "required to submit evidence that the untimely appeal would prejudice it." *Womack v. Merit*

*Sys. Prot. Bd.*, 798 F.2d 453, 456 (Fed. Cir. 1986). Because Ms. Limbrick "did not show good cause for filing an untimely appeal, the argument that the agency would not be prejudiced by a waiver is irrelevant." *Id.* We conclude that Ms. Limbrick has failed to establish that the Board abused its discretion.

## CONCLUSION

We have considered Ms. Limbrick's remaining arguments and find them unpersuasive. For the reasons above, we affirm the Board's dismissal of Ms. Limbrick's petition as untimely filed without good cause.

## **AFFIRMED**

### COSTS

No costs.